IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANNA CAPRIOTTI | : | |
| | : | CIVIL ACTION |
| | : | No.  16-160 |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

**SCHEDULING ORDER**

**AND NOW**, this   18TH   day of   April , 2016,  **IT IS ORDERED** as follows:

1. Pretrial timetable

- All discovery must be completd by **June 2, 2016**

- Plaintiff's expert reports due **May 5, 2016**; Defendant's reports due **May 19**, **2016**;  Depositions of all experts must be completed by **June 2, 2016.**

- Dispositive motions due   **June 16, 2016.**

- After all dispositive motions have been decided or when no dispositive motions have been filed and the time for filing dispositive motions has elapsed, the parties will be given notice of a trial date, a Final Pretrial Conference, and deadlines for pretrial filings.

2.  Unless the parties agree to another form of ADR, United States Magistrate Judge David R. Strawbridge will contact the parties regarding the scheduling of a settlement conference.  Judge Strawbridge requires that lead counsel and parties with full settlement authority attend the conference.

3.  With the exception of employment discrimination cases and cases in which the plaintiff is pro se, a party moving for summary judgment under F.R.C.P. 56 should consider following the procedure set forth in **Attachment A.**  The parties in employment discrimination cases and cases in which the plaintiff is pro se **must** file

traditional summary judgment motions.  For those following the preferred procedure, all responses and replies to summary judgment motions must contain a statement of undisputed and disputed facts.  For those using the traditional summary judgment procedure, all summary judgment motions and responses must contain a statement of undisputed and disputed facts.  For me to consider any filing made in conjunction with a motion for summary judgment, all references to affidavits, depositions, documents or other evidence must cite specifically to the exhibit, page and line number.

4.  In all cases, a party has **21 days** to file a response in opposition to a motion for summary judgment and **10 days** to file a reply in support of a motion for summary judgment.  Motions for leave to file a reply are not necessary because replies are automatically allowed.  If a party has filed a Rule 56 motion in accordance with Judge Brody's preferred procedure, then a
surreply is required, and a surreply is due **10 days** after the reply is filed.  Otherwise, a surreply will be accepted only if Judge Brody grants a motion for leave to file a surreply.[1]

5.  **REMINDER:**  Counsel must submit to chambers **TWO courtesy hard copies** of all papers filed with the Clerk of the Court or filed on ECF.  Courtesy copies should include the ECF docket entry number on the first page.  Single-sided copies are preferred.

6.  Your case has been assigned to:

   \_\_\_    Law Clerk Maya Sosnov, maya_sosnov@paed.uscourts.gov
   \_\_\_\_   Law Clerk Elli Marcus, elli_marcus@paed.uscourts.gov
  _x\_\_  Law Clerk Karun Tilak, karun_tilak@paed.uscourts.gov

7. Judge Brody's Policies and Procedures can be accessed via the U.S. District Court's website at **www.paed.uscourts.gov**.

---

[1] Parties should not add an additional three days for ECF filing to these periods when calculating deadlines.

8. Throughout the course of the litigation, counsel must provide the courtroom deputy clerk, Jim Scheidt, with current telephone numbers, fax numbers, and email addresses.  Judge Brody's fax number is **215-580-2356**.

                                            s/Anita B. Brody

                                       _____
                                       Anita B. Brody,     J.

**XC: Magistrate David R. Strawbridge**

COPIES VIA ECF on  _____ to:   COPIES MAILED on  _____ to:

**Attachment A**
<u>Judge Brody's Preferred Procedure for Filing a Summary Judgment Motion Under Rule 56(b)</u>

With the exception of employment discrimination cases and cases in which the plaintiff is <u>pro</u> <u>se</u>, Judge Brody prefers that a party considers moving for summary judgment (typically a defendant or party that does not have the burden of proof on an issue) under this preferred procedure.  (The purpose of this procedure is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its case and the defendant then responds.)  **Parties in employment discrimination cases and cases in which the plaintiff is <u>pro</u> <u>se</u> should not use this preferred procedure.**

Rule 56(b) of the Federal Rules of Civil Procedure provides that: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

The preferred procedure is as follows:

☐   A party moving under Rule 56(b) may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion must:

- identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed, for example, referring to the pleadings;
- affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and
- request judgment as provided in Rule 56(c).

☐   The party against whom the motion for summary judgment is addressed must file a response not later than **21 days** after the motion for summary judgment is filed.  The response must include a statement of undisputed and disputed facts.  Subject to the provisions of Rule 56(e) and (f), the response must be supported with affidavits, depositions, documents or other evidence permitted by those provisions.  References to such evidence must include specific citations to exhibit, page, and line number.

☐   The movant must file a reply as permitted by Rule 56(e) and (f).  Such a reply must be filed not later than **10 days** after the response is filed.  The reply must state the undisputed facts, address the disputed facts, and specify the relevant exhibit, page, and line numbers when referring to the record.

- The party against whom the motion for summary judgment is directed must file a surreply not later than **10 days** after the reply is filed.  Under the preferred procedure, a surreply is required, and permission to file a surreply is not necessary.  The surreply must specify the relevant exhibit, page, and line numbers when referring to the record.